IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY WOZNIAK, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COATESVILLE AREA | : | |
| SCHOOL DISTRICT, | : | No. 05-4552 |
|     Defendant. | : | |

## ORDER

**AND NOW,** this **19th** day of **June**, **2006**, upon consideration of the parties' motions in limine and following a final pretrial conference on June 19, 2006, it is hereby **ORDERED** that:

1. Plaintiff's motion in limine to exclude evidence (Document No. 35) is **GRANTED**.[1]

2. Defendant's motion in limine to preclude the testimony of Plaintiff's economic expert (Document No. 37) is **DENIED**.[2]

3. Defendant's motion in limine to prelude Plaintiff from asserting discrimination for the failure to hire her for the position of temporary Director of Special Education

---

[1] The probative value of the EEOC determination letter is substantially outweighed by the danger of unfair prejudice or misleading the jury and therefore is excluded. *See* FED. R. EVID. 403. The Court will also exclude evidence regarding matters on which Defendant withheld discovery based on irrelevance or privilege. Specifically, the Court will exclude: (1) the ages of the persons involved in Defendant's decision to eliminate Plaintiff's position; and (2) discussions by Defendant's School Board during its Executive Session, but only to the extent such evidence was not disclosed or discovered during discovery.

[2] Plaintiff's experts, from The Center for Forensic Economic Studies, are qualified to testify as experts pursuant to well-established reliability and admissibility standards. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-92 (1993); FED. R. EVID. 702. Defendant's criticisms of Plaintiff's experts, with respect to: (1) Plaintiff's worklife expectancy; and (2) whether Plaintiff's backpay calculation was properly offset by her severance and earnings from other employment, are matters for cross-examination.

       (Document No. 38) is **DENIED**.[3]

4.     Defendant's motion in limine to exclude from evidence article entitled "Godfather Theory of Management" (Document No. 40) is **DENIED**.[4]

5.     Defendant's motion in limine to exclude from evidence the Consent Decree (Document No. 41) is **GRANTED**.[5]

                              **BY THE COURT:**

                              */s/ Berle M. Schiller*
                              **Berle M. Schiller, J.**

---

[3] Defendant is correct that Plaintiff never raised Defendant's failure to hire her for the position of temporary Director of Special Education as an employment action that, on its own, directly violated the ADEA. However, the Court will not prevent Plaintiff from discussing this issue to illustrate the alleged pretextual nature of Defendant's asserted non-discriminatory reasons for its employment actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 806-807 (1973) (pretextual nature of employer's asserted reasons shown by Plaintiff in final step of burden-shifting framework); *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234-35 (3d Cir. 1999) (applying *McDonnell Douglas* framework to age discrimination cases under the ADEA).

[4] The testimony of the article's author, Superintendent Scarnati, will be crucial in the jury's assessment of the disputed facts in this case. This article relates to Scarnati's management style regarding the process of reorganization and termination of employees. Accordingly, the Court finds that the article is relevant and that its probative value outweighs any danger of unfair prejudice or misleading the jury. *See* FED. R. EVID. 402 & 403.

[5] The Consent Decree, entered into by Defendant in 2001 in an unrelated civil case, is not admissible as evidence of Defendant's liability in that case. *See* FED. R. EVID. 408 (settlement of claim is not admissible to prove liability of that claim). Moreover, the Consent Decree is not relevant to the issues here, and the danger of unfair prejudice to Defendant substantially outweighs any possible probative value. *See* FED. R. EVID. 402 & 403. Indeed, the Consent Decree did not even contain factual findings regarding Defendant's actions or an admission of liability. (Def.'s Br. in Supp. of Mot. in Limine to Exclude From Evidence Consent Decree at 4 n.1.)